UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

46310
Morton & Craig LLC
William E. Craig, Esquire
110 Marter Ave., Suite 301
Moorestown, NJ 08057
Attorney for Ally Financial

**Order Filed on April 12, 2019 by
Clerk U.S. Bankruptcy Court
District of New Jersey**

In Re:

KASEY A. MARTIN

Case No. 18-12289

Judge: (JNP)

# ORDER FOR SECURED AMOUNT TO BE PAID THROUGH DEBTOR'S CHAPTER 13 PLAN AND ADEQUATE PROTECTION PAYMENTS

The relief set forth on page number two (2) is hereby **ORDERED**.

**DATED: April 12, 2019**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

**(Page 2)**
Debtor: Kasey A. Martin
Case No: 18-12289
Caption of Order: Order for secured amount to be paid through Debtor's chapter 13 plan and adequate protection payments

This matter having brought before this Court on an Objection To Confirmation filed by William E. Craig, Esq., attorney for Ally Financial, with the appearance of Robert Manchel, Esq. on behalf of the Debtor, and this Order having been filed with the Court and served upon the Debtor and her attorney under the seven day rule with no objections having been received as to the form or entry of the Order and for good cause shown, it is hereby

**ORDERED:**

1. **That Ally Financial ("Ally") is the holder of a first purchase money security interest encumbering a 2009 Lexus LS 460 bearing vehicle identification number JTHCL46F595001814.**

2. **That the secured amount that Ally shall be paid through the Debtor's plan shall be $9,113.27. This amount is reached using the agreed value of the vehicle of $8,000.00, amortized at 5.25% over 60 months.**

3. **That the Chapter 13 Trustee is hereby directed to make an immediate lump sum adequate protection payment to Ally in the amount of $1,800.00 through April 2019 and thereafter, each month, commencing May 2019, make adequate protection payments to Ally in the amount of $120.00. Adequate protection payments to Ally shall be made monthly up to and after confirmation, until all counsel fees have been paid and regular distributions begin to be made to Ally. If in any month there are insufficient funds on hand to pay both counsel fees and adequate protection payments, then funds on hand shall be used to pay adequate protection payments first, with the remaining balance going to counsel fees. If, after confirmation, counsel fees remain to be paid, then adequate protection payments shall continue to be paid to Ally until the remaining counsel fees have been paid. The Debtor shall receive a credit for all adequate protection payments made against the total amount to be received by Ally through the plan.**

4. **That Ally shall retain its lien on the vehicle until the earlier of the payment of the underlying debt under non-bankruptcy law or the Debtor receiving a discharge.**