LAW OFFICES

# ROBERT MANCHEL

EXECUTIVE CENTER OF GREENTREE
ONE EVES DRIVE, SUITE 111
MARLTON, NJ  08053
(856) 797-1500
FAX (856) 797-1534

MEMBER OF NJ & PA BARS

September 2, 2019

Honorable Jerrold N. Poslusny, Jr.
Mitchell H. Cohen US. Courthouse
400 Cooper St. 4th Floor
Courtroom 4 C
Camden, NJ. 08101

    RE:   Kasey Martin
            Chapter 13 Case no. 18-12289JNP
            Motion to Withdraw as Counsel

Dear Judge poslusny:

I submit this letter in response to the debtor's response to my Motion to Withdraw as Counsel.

I am extremely disheartened by Ms. Martin's response to my motion. This is a very unfortunate and uncomfortable position that I have never previously experienced. Based on this situation, I am omitting virtually all of the facts of the events concerning this case and most of my opinions.  Like all of my clients, Ms. Martin is valued and important to me. However, as a result of longstanding miscommunications, personality conflicts, an improper working relationship, cooperation issues, and other issues**,** I am unable to effectively represent Ms. Martin.

I have provided excellent service for Ms. Martin, from the date of retention, through the present, and have always acted professionally. The record clearly reflects exceptional work. As a result of our differences, I experienced concern, which resulted in placing her file next to my desk and out of the cabinet, for easy access. I spent substantially more hours working on her case than any amount of time that would be deemed reasonable. Furthermore, I was cognizant of handling her matters extremely prompt, while providing her with timely correspondence and continuously informed her of the status of the case.

As a result of the above stated issues, I was continuously concerned about our communications and other matters, which resulted in refraining from submitting numerous supplemental chapter 13 attorney fee applications. As the record reflects, I provided substantial services and earned substantial supplemental fees, based on my hourly rate, per the prior and present chapter 13 supplemental fee application amendments. However, as the record reflects, and for specific reasons, I intentionally refrained from filing supplemental fee applications, which would have amassed to thousands of dollars of additional attorney's fees.

I adamantly disagree with Ms. Martin's characterization of my representation. I sincerely believe that

she knows I provided excellent representation. Without specifically presenting my position about Ms. Martin's explanation of certain matters, I am confident that I handled all matters professionally and with exemplary advice and counseling.

Ms. Martin's bankruptcy petition was filed with the court on February 5, 2018 and her Motion for Approval to Participate in the Court's Loss Mitigation Program was filed with the court on January 10, 2019. As Ms. Martin was aware, I was not retained to represent her with the loan modification application process (trial plan) and/or any aspect of an appeal or dispute of same. However, based on the reasons as to why I provided other services to Ms. Martin without filing a supplemental fee application, after our telephone conversation, I prepared and sent a "Notice of Information", in connection with section1024.36 of Regulation X. I advised Ms. Martin, again, that there was no obligation for such services and that I was not retained for same. Furthermore, even though, I was not obligated, I had intended to handle an issue with the loan modification. However, I was unable to resolve such matter as a result of certain reasons.

Pursuant to RPC 1.16, "Declining or Terminating Representation" … (b) … (c) a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interest of the client." This case meets clearly meets this criteria, as follows. The debtor's last modified plan was confirmed on April 4, 2019. There are no motions or matters presently scheduled for hearing, other than this motion. An order was recently entered, extending the Loss Mitigation Period to November 15, 2019.

Ms. Martin is asking the court to deny my motion because she has insufficient funds to pay another lawyer. Presently, there are no pending matters before the court. Also, I was not retained and/or obligated to handle any matters after a trial plan agreement. **In theory**, Ms. Martin would be required to pay my fees for future services, the same as if she would be required to pay another attorney's fees for future services.

Based on the above, I am unable to effectively represent Ms. Martin. I, respectfully, request that Your Honor allow me to withdraw as debtor's counsel.

Respectfully Submitted

/s/<u>Robert Manchel</u>
Robert Manchel